UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:17-CV-10108-RGS

BRUCE AND BRIDGITT EVANS,            )
    Plaintiffs,                                  )
v.                                                      )
                                                           )
DAIKIN NORTH AMERICA, LLC        )
DAIKIN APPLIED AMERICAS, INC.,  )
And DACA DELAWARE DISSOLUTION )
TRUST as Successor-In-Interest to       )
DAIKIN AC (AMERICAS) INC.             )
    Defendants.                                )
                                                           )

## AMENDED COMPLAINT

### Parties

1. Plaintiffs Bruce and Bridgitt Evans (together "Evans") are natural persons residing at 7 Commonwealth Avenue, Boston, Massachusetts 02116.

2. Defendant, Daikin North America, LLC ("Daikin NA"), is a foreign limited liability company with a principal place of business located at 19001 Kermier Road, Waller, TX 77484. Daikin NA regularly transacts business within the Commonwealth of Massachusetts.

3. Defendant, Daikin Applied Americas, Inc. ("Daikin AM"), is a Delaware corporation with a principal place of business located at 13600 Industrial Park Boulevard, Minneapolis, Minnesota 55441; Daikin AM is registered to conduct business in the Commonwealth of Massachusetts.

4. Upon information and belief, Defendant DACA Delaware Dissolution Trust ("DACA Trust") is a statutory trust established under the laws of the State of Delaware to hold

1

the assets of Daikin AC (Americas) Inc. ("Daikin AC"), a Delaware corporation formerly of 1645 Wallace Drive, Carrollton, Texas; Upon information and belief, DACA Trust is successor-in-interest to Daikin AC which, at all times relevant, regularly transacted business within the Commonwealth of Massachusetts.

5. At all times relevant, Daikin NA, Daikin AM and Daikin AC (together, "Daikin") engaged in the design, manufacturing, assembly, inspection, testing, marketing, promotion, advertisement, distribution and sale of Variable Refrigerant Volume heating and cooling systems ("VRV systems").

**Factual Allegations**

6. In or around 2008, the Evans commenced a complete renovation and construction of their four-story, single family residence at 7 Commonwealth Avenue, Boston, Massachusetts (the "Residence"). The construction of the Residence included 10,799 square feet of living space and therefore required a heating and cooling system capable of efficiently and effectively servicing a significant amount of square footage.

7. During construction of the Residence, the Evans purchased and installed a Daikin VRVIII heating and cooling system ("VRVIII system") as the particular Daikin VRV System for the Residence. The VRVIII system purchased by the Evans included, *inter alia*, the installation of 16 air handler units within the walls to regulate and circular air throughout the Residence.

8. The Evans purchased the VRVIII system based upon express representations by Daikin and its agents that its system would provide superior service, would meet the needs and requirements for the Residence, and would be particularly appropriate for the size and scope of the constructed space.

9. Additionally, Daikin represented in its product and marketing materials that the VRVIII system as designed delivers a superior, efficient and cost-effective heating and cooling system appropriate for larger residential and commercial use and that installation of its air handlers and evaporator coils would provide optimum performance.

10. In reliance on the representations made by Daikin, the Evans selected and ultimately purchased the VRVIII system, plus accessories and parts, for installation and use in the Residence.

11. On or about December 27, 2010, the construction of the Residence was substantially completed, and the Evans moved into the Residence.

12. Between 2015 and 2016, the Evans began to experience numerous problems with their VRVIII system.  Upon information and belief, the problems were caused by the premature corrosion of copper coils associated with the system's air handlers.

13. In or around July 2016, the air compressors for the Evans' VRVIII system failed, leaving the Evans without a working HVAC in the middle of summer.

14. In or around August or September 2016, the VRVIII system began to lose Freon on a regular basis, requiring the Evans to recharge the system at least once every couple of weeks.  Shortly thereafter, the VRVIII system stopped holding the Freon charge altogether, requiring significant and costly repairs and maintenance to the system.

15. Upon information and belief, the failure of the system to properly hold Freon was due to the premature corrosion of copper coils associated with the VRVIII System.

16. As a result of the defective coils, the Evans will have no choice but to remove and replace the current VRVIII system, including all 16 air handlers currently installed within the walls of the Residence. This work will necessarily require invasive and expensive demolition of walls, trim, and other finishes.

17. At all times relevant, Daikin maintained that its VRVIII system was superior, even though its was aware of systemic premature coil failures occurring within VRVIII systems installed in other residences in Massachusetts and across the country.

18. Notwithstanding Daikin's knowledge of the systemic coil failures associated with the VRVIII system in residential homes, Daikin has maintained that the VRVIII system is of superior quality and in operable condition, and was appropriate for installation in larger residences similar to size and scope of the Residence.

19. As a result of Daikin's sale of unsuitable, non-conforming, and defective VRVIII system, the Evans have suffered significant damages including but not limited to the cost to investigate and repair the defective VRVIII system, damage to the Residence, loss of use, as well as the cost to deconstruct and replace the existing, failing VRVIII system with an operable system.

## COUNT I
## Breach of Express and Implied Warranties

20. The Evans re-allege and reaffirm the allegations set forth in paragraphs 1 through 19 inclusive as if each and every allegation thereof was set forth fully herein.

21. Daikin is a merchant of the VRVIII system within the meaning of Massachusetts General Laws. c. 106 §§ 2-314.

22. The Evans, as purchasers of the subject VRVIII system, are individuals whom Daikin could reasonably have expected to use, consume, or be affected by Daikin products within the meaning of Massachusetts General Laws. c. 106 §§ 2-318.

23. In the design, manufacturing, marketing, distribution and sale of the VRVIII system, Daikin and impliedly warranted to the Evans the subject VRVIII system and its associated coils were of merchantable quality and reasonably fit for the ordinary purpose when used as intended.

24. At the time the Evans purchased the VRVIII system, Daikin had reason to know that the VRVIII system was required for a 10,000-plus square foot residence and that the Evans were relying upon Daikin's skill and judgment to select a heating and cooling system that would be suitable for the particular purpose for which it was being purchased.

25. The Evans relied upon Daikin's skill and judgment in providing a suitable VRVIII system for their residence.

26. Daikin made express and implied warranties to the Evans, both directly and indirectly, that the VRVIII system was in good, working and operable condition and were fit for its intended purpose.

27. The Evans relied upon the warranties of Daikin as described above.

28. In fact, the VRVIII system furnished by Daikin is not as expressly or impliedly warranted in that it was not merchantable, not fit for its normal and ordinary use, and not fit for the particular purpose of functioning effectively as a heating and cooling system within the Evans' home.

29.     As a result of the breaches of express and implied warranties by Daikin, the Evans suffered and continue to suffer injuries, damages and losses as alleged herein.

WHEREFORE, Plaintiff Bruce and Bridgitt Evans demand judgment against Defendants Daikin North America, LLC, Daikin Applied Americas, Inc., and DACA Delaware Dissolution Trust, as Successor-In-Interest to Daikin AC (Americas) Inc., in an amount to compensate them for their damages, plus interest and costs, and any such other relief as the Court deems just and proper.

## COUNT II
### Negligent Misrepresentation

30.     The Evans re-allege and reaffirm the allegations set forth in paragraphs 1 through 29 inclusive as if each and every allegation thereof was set forth fully herein.

31.     Daikin failed to exercise reasonable care or competence in obtaining and communicating relevant factual information concerning the quality and suitability of the VRVIII system.

32.     Specifically, Daikin expressly represented to the Evans and/or their agents that the VRVIII system manufactured by Daikin would provide superior service, would meet Evans' requirements for the construction of the Residence, and would be particularly appropriate for the size and scope of the constructed space.

33.     Additionally, Daikin represented in its product and marketing materials that the VRVIII system as designed delivers a superior, efficient and cost-effective heating and cooling system providing optimal performance to its end users.

34.     Such factual misrepresentations were negligently made in that Daikin knew, or in the exercise of reasonable care should have known, that the VRVIII system purchased by the

Evans was not capable of effectively heating and cooling a residential building and were not suitable for heating and cooling the Residence.

35. The Evans relied upon the above misrepresentations to their detriment.

36. As a result of Daikin's negligent misrepresentations, the Evans suffered and continue to suffer injuries, damages and losses as alleged herein.

WHEREFORE, Plaintiff Bruce and Bridgitt Evans demand judgment against Defendants Daikin North America, LLC, Daikin Applied Americas, Inc., and DACA Delaware Dissolution Trust, as Successor-In-Interest to Daikin AC (Americas) Inc., in an amount to compensate them for their damages, plus interest and costs, and any such other relief as the Court deems just and proper.

## COUNT III
## Intentional Misrepresentation

37. The Evans re-allege and reaffirm the allegations set forth in paragraphs 1 through 36 inclusive as if each and every allegation thereof was set forth fully herein.

38. Daikin's express and implied representations concerning the quality and suitability of the VRVIII system were intentionally false in that Daikin continued making such misrepresentations after it knew that the VRVIII system it delivered to Evans was defective, inoperable, and not suitable for use in the Residence.

39. Specifically, Daikin, through its agents, intentionally misrepresented the unwavering fitness, reliability and superiority of the VRVIII system even though Daikin was aware of systemic premature failures associated with the VRVIII system at the time it marketed and sold the VRVIII System to the Evans.

40. Daikin made the above misrepresentations in an effort to avoid liability and the significant cost associated with replacing the defective system currently installed at the Residence.

41. The Evans relied upon the above misrepresentations to their detriment.

42. As a result of Daikin's intentional misrepresentations, the Evans sustained damages and continue to sustain damages as set forth herein.

WHEREFORE, Plaintiff Bruce and Bridgitt Evans demand judgment against Defendants Daikin North America, LLC, Daikin Applied Americas, Inc., and DACA Delaware Dissolution Trust, as Successor-In-Interest to Daikin AC (Americas) Inc., in an amount to compensate them for their damages, plus interest and costs, and any such other relief as the Court deems just and proper.

## Jury Claim

PLAINTIFFS BRUCE AND BRIDGITT EVANS REQUEST A JURY TRIAL ON ALL COUNTS TO WHICH A TRIAL BY JURY ATTACHES AS A MATTER OF RIGHT.

Respectfully Submitted,

BRUCE AND BRIDGITT EVANS,
By Their Attorneys,

/s/ Jay S. Gregory
_____
Jay S. Gregory, Esq., BBO#546708
jgregory@gordonrees.com
Meghan L. McNamara, Esq., BBO#664084
mmcnamara@gordonrees.com
Saraa Basaria, Esq., BBO#685705
sbasaria@gordonrees.com
Gordon & Rees, LLP
21 Custom House Street, 5th Floor
Boston, MA  02110
(857) 504-2021

DATED:  April 11, 2017

CERTIFICATE OF SERVICE

    I, Meghan L. McNamara, attorney for plaintiffs, Bruce and Bridgitt Evans, hereby certify that on the 11th day of April 2017, a true copy of the foregoing *Assented-To Motion to Amend Complaint* will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be served via first-class mail, postage prepaid, upon anyone indicated as a non-registered participant.

    /s/ Meghan McNamara

    Meghan L. McNamara